**UNITED STATES of America, Plaintiff,**

v.

**Nankumar DARSAN, Defendant.**

**No. 92–188M–01.**

United States District Court,
W.D. New York.

Jan. 7, 1993.

Dennis C. Vacco, U.S. Atty., Deborah N. Sorbini, Asst. U.S. Atty., Buffalo, NY, for plaintiff, U.S.

Robert D. Kolken, Buffalo, NY, for defendant, Nankumar Darsan.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

Defendant Darsan is charged in a criminal complaint with conspiracy under 18 U.S.C. § 371 to effect the illegal entry into the United States of an alien, co-Defendant Ramkissoon, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii). Defendant has moved to dismiss the charge for lack of probable

cause on the ground that the alien is a nonimmigrant visitor entitled to a waiver of the passport and visa requirements.

The following constitutes my decision and order pursuant to Fed.R.Crim.P. 5.1. For the reasons set forth below, Defendant's motion to dismiss the charge is denied, and the Defendant is held to answer in district court.

## FACTS

According to the complaint, and the affidavit of United States Immigration and Naturalization Service ("INS") Special Agent Leonard P. Forth attached thereto, the co-defendants applied for entry into the United States on November 13, 1992 at the Lewiston–Queenston bridge. At that time, Defendant Ramkissoon presented a Canadian citizenship card issued in the name of Khublal Persaud, and advised the Immigration Inspector that he was a Canadian citizen.

Upon further questioning by INS officers, Ramkissoon admitted that he was a citizen of Guyana, and that his application for asylum status had been denied by the Canadian government. He had been directed by Canadian Immigration authorities to depart from Canada on or before November 20, 1992. This information was confirmed by INS officers. Ramkissoon further admitted that he had made arrangements with Defendant Darsan to obtain false Canadian citizenship documents, and transportation to New York City, for a fee of $2,000.00 (U.S. funds) payable upon successful arrival in the United States. Ramkissoon also admitted that he intended to reside in New York City upon his arrival there.

The complaint was sworn to on November 14, 1992, charging Darsan and Ramkissoon with conspiracy to bring about Ramkissoon's unauthorized entry into the United States for commercial advantage or private financial gain.

## DISCUSSION

Defendant Darsan contends that the charges against him should be dismissed since Ramkissoon is entitled to the waiver of nonimmigrant visa and passport requirements provided in 8 U.S.C. § 1182(d)(4) and the implementing INS regulations. That section provides in pertinent part as follows:

**(d) Temporary admission of nonimmigrants.**

\* \* \* \* \* \*

(4) Either or both of the [nonimmigrant passport and visa requirements] may be waived by the Attorney General and the Secretary of State acting jointly ... (B) on the basis of reciprocity with respect to nationals of foreign contiguous territory or of adjacent islands and residents thereof having a common nationality with such nationals....

8 U.S.C. § 1182(d)(4)(B). The INS regulations explain that this waiver is available to "an alien having a common nationality with Canadian nationals ..., who has his or her residence in Canada...." 8 C.F.R. § 212.-1(a); see also 22 C.F.R. § 41.2(b). According to INS guidelines, nationals of Guyana are considered to be covered by this waiver provision. See, e.g., INS Operations Instruction OI 212.1(b), attached as Exh. C to Item 6.

On the other hand, the government contends that Darsan is chargeable with a violation of § 1324(a)(2) on the basis that Ramkissoon is not entitled to the § 1182(d)(4) waiver because he is an "immigrant" alien subject to the passport and visa requirements of 8 U.S.C. § 1181(a). According to the government, Ramkissoon is not qualified under any of the enumerated exceptions for "nonimmigrant" alien status set forth at 8 U.S.C. § 1101(a)(15), and therefore cannot be eligible for a waiver of the nonimmigrant passport and visa requirements. In particular, the government contends that because Ramkissoon admitted his intent to take up residence in New York City, and his failure to obtain asylum in Canada, he cannot be considered "an alien ... having a residence in a foreign country which he has no intention of abandoning and who is visiting the United States temporarily for business or temporarily for pleasure...." 8 U.S.C. § 1101(a)(15)(B).

I agree with the government's position. In order to establish a lack of probable cause to believe that a violation of § 1324 has occurred, Defendant Darsan would have to convince this court that Defendant Ramkissoon was exempt from the visa and passport requirements of § 1181(a) as a nonimmigrant alien under one of the exceptions of § 1101(a)(15). *See* 8 U.S.C. § 1184(b) ("Every alien ... shall be presumed to be an immigrant until he establishes to the satisfaction of the consular officer, at the time of application for a visa, and the immigration officers, at the time of application for admission, that he is entitled to a nonimmigrant status under section 1101(a)(15). ....").

■ Since the Immigration and Nationality Act (the "Act") presumes that entering aliens do so as immigrants, a person seeking nonimmigrant status—*i.e.,* an alien seeking entry only for a limited time and purpose—bears the burden of demonstrating that his or her asserted nonimmigrant status is bona fide. *Jain v. Immigration and Naturalization Service,* 612 F.2d 683, 686 (2d Cir.1979), *cert. denied,* 446 U.S. 937, 100 S.Ct. 2155, 64 L.Ed.2d 789 (1980). For the purpose of establishing lack of probable cause on his motion to dismiss the charge, Darsan would therefore need to show that Ramkissoon is generally eligible to enter the United States, that he has a residence in Canada which he has no intention of abandoning, that he intends to remain in the United States only temporarily, and that he intends in good faith and will be able to depart from the United States at the expiration of his temporary stay. *Rosasco v. Brownell,* 163 F.Supp. 45, 51 (E.D.N.Y.1958); *see also Jain, supra,* 612 F.2d at 686.

■ Based on the information presented to the court in the affidavit in support of the complaint and at the hearing on the instant motion, I find that Darsan has failed to provide convincing evidence on this motion that Ramkissoon would meet his burden of establishing bona fide nonimmigrant status. On the contrary, the evidence tends to show that Ramkissoon was not generally eligible to enter the United States since, among other reasons, he knowingly presented false identification and was therefore excludable under § 1182(a)(6)(C)(i) as an alien seeking entry by fraud or willfully misrepresenting a material fact. The evidence further tends to show that Ramkissoon did not have a Canadian residence to return to, or at least that he would not have a Canadian residence as of November 20, 1992. Finally, the evidence tends to show that Ramkissoon intended to remain in New York City on a permanent basis.

Accordingly, I find that Ramkissoon has not sufficiently established his eligibility for nonimmigrant status for application of any waiver of the passport and visa requirements of the Act. I therefore find probable cause to believe that Darsan knew or recklessly disregarded the fact that Ramkissoon was an alien who had not received prior official authorization to enter the United States, and that Darsan consequently committed violations of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 371.

### CONCLUSION

For the reasons set forth above, Defendant Darsan's motion to dismiss the charge is denied.

So ordered.